**TJIE MEN EUW, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, United States Department of Justice, Respondents.**

**No. 04–3881–ag.**

United States Court of Appeals, Second Circuit.

Feb. 7, 2007.

---

Henry Zhang, New York, New York, for Petitioner.

Deborah J. Rhodes, United States Attorney for the Southern District of Alabama, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. WALKER, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Tjie Men Euw, a citizen of Indonesia, seeks review of a June 24, 2004 order of the BIA summarily affirming immigration judge ("IJ") John Opaciuch's May 14, 2003 decision denying Euw's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Tjie Men Euw,* No. A95 461 785 (B.I.A. June 24, 2004), *aff'g* A95 461 785 (Immig. Ct. N.Y. City May 14, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews *de novo* the IJ's findings concerning the legal sufficiency of the evidence, as they present questions regarding the application of law to fact. *Edimo–Doualla v. Gonzales,* 464 F.3d 276, 281 (2d Cir.2006). We review the agency's factual findings,

including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

## A. Failure to Meet Burden of Proof

In *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (BIA 1985), the BIA interpreted past persecution to include "harm or suffering inflicted upon an individual in order to punish him for possessing a belief or characteristic a persecutor sought to overcome." While no court has established a minimum threshold of harm that an asylum applicant must show in order to establish past persecution, all courts, including this one, require that the alleged harm be severe. *Ai Feng Yuan v. DOJ*, 416 F.3d 192, 198 (2d Cir.2005) (citing *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995) ("persecution is an extreme concept that does not include every sort of treatment our society regards as offensive")). Persecution must rise above mere harassment, but it is not limited to threats to life or freedom; violence that is not life-threatening also falls within this category. *Chen v. INS*, 359 F.3d 121, 128 (2d Cir.2004).

■ The IJ determined that Euw's experiences did not constitute past persecution, noting that harassment and discrimination do not constitute persecution. As the IJ determined, the problems Euw encountered (such as taunting, the taking of his possessions, and the pelting of his home with rocks) were not severe enough to be considered persecution. *See Ai Feng Yuan*, 416 F.3d at 198. The IJ also properly determined that Euw did not show that the two beating incidents, even when coupled with the discrimination he felt as a child and the harassment he experienced

in his neighborhood, were a threat to his life or freedom, or more than unfortunate incidents of harassment. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir.2006) (noting that the difference between harassment and persecution is one of degree and must be decided on a case-by-case basis). The IJ's finding that Euw failed to show past persecution is supported.

■ Relying heavily on State Department country condition material indicating that ethnic Chinese have not been targets of violence since the 1998 riots in Jakarta, the IJ determined that Euw did not have a well-founded fear of future persecution by Indonesian Muslims. State Department reports are probative. *Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir.2006). Here, because the IJ considered the State Department material in conjunction with Euw's testimony regarding his personal experiences, the conclusion that Euw did not have a well-founded fear of future persecution is substantially supported by the record.

■ The IJ's denial of asylum was thus appropriate. Because Euw was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal or relief under the CAT. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003).

## B. Adverse Credibility Determination

The finding that Euw failed to establish his eligibility for asylum relief is substantially supported by the record. Accordingly, a review of the IJ's adverse credibility determination is unnecessary.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the

Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).